*Name:* **Mohamed Othmane Samie (CSBN: 344269)**

*Address:* **2414 S Garfield Avenue, Monterey Park, CA 91754**

*Phone:* **(818)-836-4976**

*Email:* **othmane.samie@gmail.com**

Attorney for Plaintiff

Timeless Production FZ LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**Case No.: 3:25-cv-8261**

**TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY,**

    Plaintiff,

**ARJAN MAHIL,** AN INDIVIDUAL MANAGING THE YOUTUBE CHANNEL **ELITE VEHICLES AND DOES 1-10, INCLUSIVE.**

    Defendant.

**COMPLAINT FOR:**

(I)   **DIRECT COPYRIGHT INFRINGEMENT**

(II)  **FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**

(III) **REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**

(IV) **PUBLIC DISPLAY RIGHT INFRINGEMENT**

(V)  **UNFAIR COMPETITION**

(VI) **WILLFUL COPYRIGHT INFRINGEMENT**

(VII) **MISREPRESENTATION UNDER 17 U.S.C. § 512(f)**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Timeless Production FZ LLC ("Plaintiff") is a producer, editor, and publisher of original audiovisual content, including high-quality videos, featured on the **Tekniq** YouTube channel. With over 894,000 subscribers and more than 950 videos, **Tekniq** has built a

strong global audience, generating revenue through YouTube's monetization program, sponsorships, and viewer engagement. Plaintiff owns the exclusive copyrights to its content, which represents significant creative and financial investments.

2.  Defendant Arjan Mahil, an individual, manages the YouTube channel **Elite Vehicles** (https://www.youtube.com/channel/UCZHu9e7KTf560oYD7da9BQQ), which is engaged in widespread and systematic copyright infringement of Plaintiff's registered works. Along with Doe Defendants 1-10, whose identities and roles are presently unknown but who are believed to have participated in, facilitated, or contributed to the infringing conduct. Arjan Mahil has reproduced, copied, and publicly displayed Plaintiff's copyrighted videos without authorization. For purposes of this Complaint, "Defendants" refers collectively to Arjan Mahil and Doe Defendants 1-10. Defendants have illegally copied entire segments from Plaintiff's videos, removed or altered Copyright Management Information (CMI), and re-uploaded the content to their YouTube channel, thereby misleading viewers and obscuring the true origin and ownership of the content.

3.  Defendants operate by extracting and compiling substantial portions of Plaintiff's registered works to produce and publish videos on their YouTube channel. Defendants' videos are built by repurposing Plaintiff's audiovisual works without authorization or license. These infringing compilations are falsely presented as original content, misleading viewers about their true origin. By re-uploading Plaintiff's copyrighted material without permission, Defendants monetize the content through the YouTube Partner Program (YPP), generating substantial revenue. This deliberate misuse of Plaintiff's content has caused significant financial and reputational harm to Timeless

Production FZ LLC by diverting viewers, subscribers, and advertising income from Plaintiff's YouTube channel.

4. Plaintiff has identified multiple instances of direct copyright infringement (**Exhibit B**), where Defendants' Youtube channel has unlawfully used Plaintiff's content, including:

   a) Unauthorized reproduction of Plaintiff's video segments, leading to direct monetary loss and audience diversion.

   b) Falsification and removal of Copyright Management Information (CMI), violating **17 U.S.C. § 1202(a)** and **17 U.S.C. § 1202(b)**.

   c) Systematic efforts to misrepresent ownership of Plaintiff's registered works by using edited versions of the content without Plaintiff's consent.

5. Defendants have further engaged in bad faith conduct by submitting fraudulent DMCA counter-notifications to YouTube, falsely claiming ownership of Plaintiff's content to evade enforcement. These misrepresentations have forced Plaintiff to take legal action to prevent the reinstatement of infringing content.

6. Defendants' willful copyright infringement and fraudulent conduct have caused significant financial and reputational harm to Plaintiff by diverting revenue, misleading viewers, and undermining the integrity of Plaintiff's original content. Plaintiff seeks monetary damages, injunctive relief, and statutory penalties under **17 U.S.C. § 501** and **17 U.S.C. § 1202**, as well as any other legal remedies available to stop Defendants' continued infringement and unfair competition.

## **THE PARTIES**

7. Plaintiff Timeless Production FZ LLC ("Timeless" or "Plaintiff") is a limited liability company registered in the United Arab Emirates, engaged in the production, editing, and

publishing of audiovisual works, including films, documentaries, and videos. Plaintiff owns and operates the **Tekniq** YouTube channel, which hosts original videos covering informational, educational, and entertaining content related to technology, engineering, manufacturing, and industrial processes.

8. Timeless is the sole owner of the copyrights in the audiovisual works published on the **Tekniq** YouTube channel, including the videos ("Copyrighted Works") in **Exhibit A**. These works are monetized through YouTube's advertising revenue model, with Plaintiff deriving revenue based on viewership and engagement.

9. Plaintiff Timeless Production FZ LLC is informed and believes that Defendant, Arjan Mahil, operating as **Elite Vehicles**, is an individual residing at Shams Business Center, Sharjah Media City Free Zone, Al Messaned District, Sharjah, United Arab Emirates (**Exhibit C**) The YouTube channel **Elite Vehicles** has approximately 180,000 subscribers, 1,000 videos as of the date of this complaint. The channel is generating revenue through YouTube's monetization program (YPP). Defendant Arjan Mahil can be reached through the contact details listed in his DMCA counter-notifications (**Exhibit C**).

10. Doe Defendants 1-10 are unknown individuals or entities who have participated in, facilitated, or contributed to the infringing activities described herein but whose identities are currently unknown to Plaintiff. Plaintiff will amend this complaint to include their true identities once discovered.

11. Defendants' actions have resulted in widespread copyright infringement, causing Plaintiff to suffer significant financial losses, reputational harm, and the unauthorized dilution of its original works.

COMPLAINT AGAINST ARJAN MAHIL, ET AL., AND DEMAND FOR JURY TRIAL

12. To protect its valuable intellectual property and ensure fair competition, Timeless brings this lawsuit against Defendants for copyright infringement, vicarious and/or contributory copyright infringement, removal and/or alteration of CMI, falsification of CMI, and unfair competition.

## JURISDICTION AND VENUE

13. This action arises under the Copyright Act, **17 U.S.C. § 101 et seq.**, and seeks relief for direct copyright infringement (**17 U.S.C. § 501**), falsification and removal of copyright management information (**17 U.S.C. § 1202**), and unfair competition under applicable laws.

14. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1338(a)** (exclusive jurisdiction over copyright claims) because this case arises under the federal copyright laws of the United States.

15. This Court has personal jurisdiction over Defendant Arjan Mahil**,** because Defendant has purposefully directed infringing activities toward the United States and engaged in intentional and systematic copyright violations that have caused direct and foreseeable harm to Plaintiff. Defendants' YouTube channel, which hosts and monetizes the infringing content, is accessible globally, including in this judicial district, and generates revenue from U.S.-based viewers.

16. Pursuant to **17 U.S.C. § 512(g)(3)(D)** Defendant has expressly consented to the jurisdiction of U.S. federal courts by submitting DMCA counter-notifications (**Exhibit C**) to YouTube. As required by statute, those counter-notifications include a statement consenting to the jurisdiction of a United States federal district court for the resolution

of disputes arising from copyright claims. The service provider provided with the counternotifications can be found in this judicial district, namely YouTube.

17. Plaintiff asserts that Defendants actively participate in the YouTube Partner Program (YPP), a monetization scheme operated by YouTube, a subsidiary of Google LLC. Since its inception in 2007, the YPP has enabled vetted users to generate profit from advertising revenue generated through content hosted on the YouTube platform. The program operates through Google AdSense service, which facilitates the display of ads as well as advertising payments. As of 2025, YouTube retains 45% of the advertising revenue, while the remaining 55% is paid directly to the participating content creator. YouTube and its parent company, Google, are subject to the jurisdiction of this Court, as both entities are headquartered in this District and conduct business here.

18. Venue is proper in this district pursuant to **28 U.S.C. § 1391(b)** and **28 U.S.C. § 1400(a)**, because a substantial part of the infringing conduct occurred within this judicial district. Defendants have actively distributed, publicly displayed, and monetized infringing content viewed by audiences within this district, causing harm to Plaintiff's business and revenue streams.

19. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to **28 U.S.C. § 1367(a)**, as they arise from the same nucleus of operative facts as the federal claims and form part of the same case or controversy under Article III of the U.S. Constitution.

## **FACTUAL BACKGROUND**

20. Timeless Production is a producer, editor, and publisher of audiovisual works, including high-quality videos, showcased on the YouTube channel "**Tekniq**." Plaintiff owns the

exclusive copyrights to these audiovisual works, which are the result of significant creative and financial investments.

21. **Tekniq** is a widely recognized and monetized YouTube channel that produces original content spanning various industries, including technology, engineering, and innovation. The channel has gained a substantial global audience and generates revenue through YouTube's monetization program, sponsorships, and viewer engagement. Tekniq may be accessed via the following URL: https://www.youtube.com/@tekniqvid

22. As of 2025, the Tekniq channel has gained over 894,000 subscribers and uploaded more than 950 videos, each receiving thousands to millions of views. Several of its most popular videos have exceeded 10 million views. The Copyrighted Works featured on the Tekniq channel include original and registered audiovisual content, which forms the backbone of its business operations and revenue stream.

23. Plaintiff's Copyrighted Works involved in this action are registered with the U.S. Copyright Office and are exhibited as **Exhibit A**

24. The Defendants have systematically reproduced, copied, displayed, and distributed Plaintiff's copyrighted videos without authorization on the Defendants' YouTube channel. Defendants' actions directly infringe on Plaintiff's exclusive rights, diverting viewers, subscribers, and revenue while profiting from Plaintiff's original content without consent. Defendants have engaged in widespread copyright infringement, unlawfully reproducing Plaintiff's works in multiple videos uploaded to the Defendants' YouTube channel. A list of the Defendants' infringing videos is attached hereto as **Exhibit B**.

25. Defendants falsely represented ownership of Plaintiff's content, submitted fraudulent DMCA counter-notifications, and engaged in bad faith actions to circumvent YouTube's copyright enforcement system, resulting in significant financial and reputational harm to Plaintiff. Defendants' willful copyright infringement, combined with fraudulent conduct, constitutes unfair competition and unlawful business practices.

26. Defendants have engaged in a systematic effort to misrepresent ownership of Plaintiff's copyrighted works by submitting fraudulent DMCA counter-notifications under **17 U.S.C. § 512(f)**. After Plaintiff rightfully issued DMCA takedown notices, YouTube temporarily removed the infringing content. However, Defendants knowingly and falsely submitted counter-notifications under penalty of perjury, falsely claiming the infringing videos as their own original content. As a result, Timeless was left with no choice but to pursue the claims herein against Defendants to prevent the Unauthorized Works from remaining accessible on YouTube.

27. Defendants' actions demonstrate a pattern of willful copyright infringement, fraud, and unfair competition, as they sought to continue benefiting from Plaintiff's creative work while evading consequences. Defendants' false misrepresentations under the DMCA caused additional harm to Plaintiff by diverting revenue, forcing unnecessary legal costs, and requiring ongoing enforcement efforts. Plaintiff seeks damages, statutory penalties, and injunctive relief to hold Defendants accountable for these violations under **17 U.S.C. § 501**, **17 U.S.C § 512(f)**, and **17 U.S.C § 1202**.

28. Plaintiff has incurred substantial damages due to Defendants' infringements, including loss of advertising revenue, reduced audience engagement, and the devaluation of its

intellectual property. Defendants' ongoing infringement and fraudulent practices demand urgent injunctive relief to prevent further harm.

29. Through this lawsuit, Plaintiff seeks to hold Defendants accountable for their systematic copyright infringement, misrepresentation, and unlawful business practices. Plaintiff requests monetary damages, statutory penalties, injunctive relief, and any other remedies available under **17 U.S.C. § 501** et seq., **17 U.S.C. § 1202**, and applicable state and federal laws to ensure that Defendants cease their infringing conduct and compensate Plaintiff for its unlawful gains.

## <u>COUNT I</u>
## DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Timeless is the owner of the exclusive copyrights in the audiovisual works featured on the **Tekniq** YouTube channel, including but not limited to the exclusive rights to reproduce, distribute, publicly perform, and display these works under **17 U.S.C. § 106**.

32. Defendants, without authorization or consent, directly copied, reproduced, publicly displayed, distributed, and/or made derivative works of Plaintiff's copyrighted videos by uploading them to the Defendants' YouTube channel.

33. Defendants have engaged in widespread copyright infringement, unlawfully reproducing Plaintiff's works in multiple videos uploaded to the Defendants' YouTube channel. Confirmed instances of direct copyright infringement have been mentioned in detail in the Factual Background.

**34.** The Defendants' unauthorized uploading, public display, and distribution of Plaintiff's copyrighted works through the Defendants' YouTube channel are actionable under **17 U.S.C. § 501**.

**35.** Defendants' conduct aligns with the infringing behavior identified in *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012), where the court recognized that unauthorized user uploads of copyrighted content to digital platforms constitute direct copyright infringement. Similarly, in *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017), the court found that the unauthorized reproduction and distribution of copyrighted audiovisual works online violate **17 U.S.C. § 501**. Defendants' unauthorized copying and monetization of Plaintiff's YouTube videos constitute direct copyright infringement under these precedents.

**36.** Defendants' infringement was willful, intentional, and for commercial gain, as evidenced by the monetization of the infringing videos on the Defendants' YouTube channel, which diverted viewers, subscribers, and revenue from Plaintiff's **Tekniq** channel.

**37.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial harm, including but not limited to lost revenue, diminished audience engagement, reputational harm, and the devaluation of its intellectual property.

**38.** Plaintiff is entitled to recover statutory damages under **17 U.S.C. § 504(c)** of up to $150,000 per infringed work, or in the alternative, Plaintiff's actual damages and Defendants' profits attributable to the infringement, in an amount to be determined at trial.

39. Plaintiff is entitled to injunctive relief under **17 U.S.C. § 502**, prohibiting Defendants from further infringing Plaintiff's copyrights and ordering the immediate removal of all infringing videos from the Defendants' YouTube channel.

40. Plaintiff is further entitled to an award of full costs, including reasonable attorneys' fees, under **17 U.S.C. § 505**.

41. Plaintiff seeks an order for the impoundment and destruction of all copies of the infringing works pursuant to **17 U.S.C. § 503**.

<u>**COUNT II**</u>
**FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**
**(17 U.S.C. § 1202(a))**

42. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Defendants have systematically falsified Copyright Management Information (CMI) in violation of **17 U.S.C. § 1202** by removing or altering CMI associated with Timeless's copyrighted works and substituting it with misleading or modified CMI bearing Defendants' own branding or attribution. Under **17 U.S.C. § 1202**, it is unlawful to remove or alter CMI with the intent to induce, enable, facilitate, or conceal infringement. Defendants' conduct demonstrates a deliberate effort to mislead viewers, obscure the true ownership of the content, and profit from Plaintiff's original works without authorization.

44. As detailed in the Factual Background, Defendants' pattern of falsifying CMI is evident in multiple infringing videos where they systematically erased Tekniq's branding and replaced it with their own logo to falsely present the content as their original work. This

removal was executed to conceal the infringing nature of their uploads, mislead viewers, and monetize content that rightfully belongs to Plaintiff.

45. Defendants' removal, alteration and falsification of Copyright Management Information (CMI) were intentional and carried out with the clear purpose of deceiving viewers and circumventing YouTube's automated copyright enforcement systems. Such conduct can violate both **17 U.S.C. § 1202(a)** and **17 U.S.C. § 1202(b)**. In the Report and Recommendation issued by Magistrate Judge Robert W. Lehrburger in *Business Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-2007 (S.D.N.Y. Feb. 8, 2023) (Doc. 80), the magistrate judge recommended a finding that removing a watermark and replacing it with the defendants' own branding constituted violations of both provisions. Similarly, Defendants in this case removed Tekniq's visible branding from Plaintiff's videos and substituted their own identifying elements falsely attributing authorship and ownership to mislead viewers and digital platforms. This knowing falsification and substitution of CMI not only concealed the infringement but facilitated further unauthorized monetization, clearly triggering liability under both **17 U.S.C. § 1202(a)** and **17 U.S.C. § 1202(b)**.

46. Defendants' repeated falsification and removal of Copyright Management Information (CMI) constitute a violation of **17 U.S.C. § 1202** and warrants statutory damages under **17 U.S.C. § 1203**. As established in *Mango v. BuzzFeed, Inc.*, 970 F.3d 167 (2d Cir. 2020), even a single instance of removing author attribution justifies statutory damages, further strengthening Plaintiff's claim for per-instance damages for each video where the Defendants removed CMI.

47. Plaintiff is entitled to recover statutory damages under **17 U.S.C. § 1203(c)(3)(B)** of up to $25,000 for each violation of **17 U.S.C. § 1202(a)**. Or in the alternative, Plaintiff's

actual damages and Defendants' profits attributable to the removal or alteration of CMI, in an amount to be determined at trial

## COUNT III
## REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202(b))

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Plaintiff is the owner of the exclusive copyrights in the audiovisual works featured on the **Tekniq** YouTube channel, including all associated Copyright Management Information (CMI) such as watermarks, branding, and metadata.

50. Under **17 U.S.C. § 1202(b)**, it is unlawful for any person to intentionally remove or alter CMI with the knowledge that such actions will induce, enable, facilitate, or conceal copyright infringement.

51. Defendants knowingly and deliberately removed and/or altered CMI from Plaintiff's copyrighted videos before re-uploading them to the Defendants' YouTube channel without authorization or consent.

52. Defendants' removal of CMI was executed with the intent to mislead viewers about the true origin of the content and to conceal the infringements by making the videos appear as original works owned by Defendants.

53. Defendants' actions were willful, intentional, and for commercial gain, as evidenced by the monetization of the infringing videos on the Defendants' YouTube channel, which diverted viewers, subscribers, and revenue from Plaintiff's **Tekniq** YouTube channel.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial harm, including but not limited to lost revenue,

diminished audience engagement, reputational harm, and the devaluation of its intellectual property.

55. Plaintiff is entitled to recover statutory damages under **17 U.S.C. § 1203(c)(3)(B)** of up to $25,000 for each violation of **17 U.S.C. § 1202(b)**, consistent with *Business Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-2007 where the court awarded a total of $75,000 for three violations of **17 U.S.C. § 1202(b)**. Or in the alternative, Plaintiff's actual damages and Defendants' profits attributable to the removal or alteration of CMI, in an amount to be determined at trial.

56. Plaintiff is entitled to injunctive relief under **17 U.S.C. § 1203(b)**, prohibiting Defendants from further removal or alteration of CMI from Plaintiff's copyrighted works and ordering the immediate removal of all infringing videos from the Defendants' YouTube channel.

57. Plaintiff is further entitled to an award of full costs, including reasonable attorneys' fees, under **17 U.S.C. § 1203(b)(4)** and **17 U.S.C. § 1203(b)(5)**.

58. Plaintiff seeks an order for the impoundment and destruction of all copies of the infringing works containing altered or removed CMI pursuant to **17 U.S.C. § 1203(b)(2)**.

## COUNT IV
### PUBLIC DISPLAY RIGHT INFRINGEMENT (17 U.S.C. § 106(5))

59. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Plaintiff is the owner of the exclusive copyrights in the audiovisual works featured on the **Tekniq** YouTube channel, including the exclusive right to publicly display these works under **17 U.S.C. § 106(5).**

61. Under **17 U.S.C. § 106(5)**, the copyright owner has the exclusive right to publicly display copyrighted works, including videos, without unauthorized distribution or exhibition by third parties.

62. Defendants, without authorization, publicly displayed copyrighted video content owned by Plaintiff on the Defendants' YouTube channel, thereby infringing Plaintiff's exclusive display rights.

63. As detailed in the Factual Background, Defendants' unauthorized public display of Plaintiff's copyrighted video content is evidenced by the infringing videos uploaded by the Defendants on their YouTube channel.

64. Similarly, in *American Broadcasting Companies, Inc. v. Aereo*, Inc., 573 U.S. 431 (2014), the Supreme Court ruled that transmitting copyrighted audiovisual works to the public without authorization constitutes a public performance infringement under **17 U.S.C. § 106(4)** and **17 U.S.C. § 106(5)**. Defendants' actions of displaying and streaming Timeless's videos align with the infringing conduct identified in Aereo.

65. As a direct and proximate result of Defendants' infringement of Plaintiff's public display rights, Plaintiff has suffered substantial harm, including but not limited to lost revenue, diminished audience engagement, reputational damage, and the devaluation of its intellectual property.

66. Plaintiff is entitled to recover statutory damages under **17 U.S.C. § 504(c)** of up to $150,000 for each infringed work, or in the alternative, Plaintiff's actual damages and Defendants' profits attributable to the infringement, in an amount to be determined at trial.

67. Plaintiff is entitled to injunctive relief under **17 U.S.C. § 502(a)**, prohibiting Defendants from further public display of Plaintiff's copyrighted works without authorization and ordering the immediate removal of all infringing videos from the Defendants' online accounts.

68. Plaintiff is further entitled to an award of full costs, including reasonable attorneys' fees, under **17 U.S.C. § 505**.

69. Plaintiff seeks an order for the impoundment and destruction of all copies of the infringing works under **17 U.S.C. § 503(b)**.

<u>**COUNT V**</u>
**UNFAIR COMPETITION**

70. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Plaintiff operates the **Tekniq** YouTube channel, a monetized platform featuring original and copyrighted audiovisual works, that generate revenue through advertising, sponsorships, and viewer engagement.

72. Defendants, by unlawfully copying, reproducing, and publicly displaying Plaintiff's copyrighted videos on the Defendants' YouTube channel, engaged in unfair competition by misappropriating Plaintiff's creative content for commercial gain without authorization.

73. Under California Business and Professions **Code § 17200**, unfair competition includes any unlawful, unfair, or fraudulent business act or practice. Defendants' conduct constitutes unfair competition as it involves the unauthorized use of Plaintiff's copyrighted works to divert viewership, subscribers, and advertising revenue for Defendants' YouTube channel.

COMPLAINT AGAINST ARJAN MAHIL, ET AL., AND DEMAND FOR JURY TRIAL

**74.** Defendants' actions are directly analogous to those found to constitute unfair competition in International *News Service v. Associated Press*, 248 U.S. 215 (1918). In that case, the Supreme Court held that the unauthorized use of another party's content for commercial gain constitutes unfair competition. Similarly, Defendants' unauthorized use of Tekniq's videos to attract viewers and generate ad revenue infringes upon Plaintiff's business rights.

**75.** Defendants' acts of unfair competition include but are not limited to:

**a)** Misappropriating Tekniq's copyrighted videos and displaying them on the Defendants' channel to attract viewers who would otherwise view the content on Tekniq's channel.

**b)** Removing Tekniq's branding, watermarks, and other Copyright Management Information (CMI) to obscure the origin of the content and create the false impression that the videos originated from Defendant.

**c)** Monetizing the infringing videos with Google AdSense advertising through the YouTube Partner Program (YPP), thereby profiting directly from the unauthorized use of Plaintiff's copyrighted content.

**76.** Defendants' conduct was willful and undertaken with the intent to deceive viewers and unfairly benefit from Plaintiff's investment in content creation, in violation of California's unfair competition law.

**77.** As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered substantial harm, including lost advertising revenue, diminished viewership, reputational damage, and the devaluation of its intellectual property.

**78.** Plaintiff is entitled to recover damages for the losses caused by Defendants' unfair competition, including but not limited to lost profits, actual damages, and restitution for the revenue unlawfully obtained by Defendant.

**79.** Plaintiff is also entitled to injunctive relief prohibiting Defendants from further acts of unfair competition, including the unauthorized use of Plaintiff's copyrighted content and the removal of any infringing videos from the Defendants' online accounts.

<u>**COUNT VI**</u>
**WILLFUL COPYRIGHT INFRINGEMENT (17 U.S.C. § 504(c))**

**80.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**81.** Defendants engaged in willful and deliberate copyright infringement by knowingly copying, reproducing, publicly displaying, and distributing Plaintiff's copyrighted videos on the Defendants' YouTube channel despite clear CMI, prior enforcement actions, and public records indicating Plaintiff's ownership of the works. Courts have recognized that intentional and systematic disregard of copyright ownership constitutes willful infringement. See *Peer Int'l Corp. v. Pausa Records, Inc*., 909 F.2d 1332 (9th Cir. 1990).

**82.** Defendants' willful infringement is evidenced by the following actions, demonstrating a deliberate and systematic effort to exploit Plaintiff's copyrighted content for financial gain:

**a)** Uploading several videos on the Defendants' YouTube channel that directly copied substantial portions of Tekniq's copyrighted videos.

**b)** Removing and falsifying Tekniq's branding, watermarks, and other Copyright Management Information (CMI) to conceal the origin of the content, thereby

preventing viewers from identifying the videos as copyrighted works belonging to **Tekniq**.

c) Monetizing the infringing videos through the YouTube Partner Program (YPP), knowingly generating revenue from the unauthorized use of Plaintiff's copyrighted content.

83. Defendants, without authorization or consent, willfully engaged in copyright infringement by copying Plaintiff's videos, altering the videos, and deliberately blurring or removing Tekniq's CMIs. Defendants placed their own logos over the altered segments to mislead viewers regarding the origin of the content. These acts of concealment and rebranding were carried out with the intent to monetize the infringing videos through the YouTube's Partner Program (YPP), thereby profiting directly from Plaintiff's copyrighted works without permission. Such actions demonstrate a clear and intentional disregard for Plaintiff's exclusive rights under the Copyright Act.

84. Defendants' actions were willful, intentional, and in disregard of Plaintiff's copyrights, as evidenced by:

a) The systematic removal and falsification of CMI, including watermarks and branding, which demonstrates an intent to conceal the infringements.

b) The submission of fraudulent DMCA counter-notifications to YouTube under penalty of perjury, falsely asserting ownership of the infringing videos to evade enforcement actions and continue profiting from the infringing content.

c) The scale and frequency of the infringements, which were not isolated incidents but part of a broader pattern of conduct aimed at exploiting Plaintiff's copyrighted content
.

**85.** As a direct and proximate result of Defendants' willful copyright infringement, Plaintiff has suffered and will continue to suffer substantial harm, including:

    **a)** Loss of advertising revenue and potential sponsorships due to the diversion of viewers to the infringing videos.

    **b)** Damage to Plaintiff's reputation and brand integrity as viewers are misled into believing that Defendants created Timeless's content or were authorized to use it.

    **c)** The devaluation of Plaintiff's intellectual property due to the unauthorized distribution and monetization of its copyrighted works.

**86.** Plaintiff is entitled to recover statutory damages for willful infringement under **17 U.S.C. § 504(c)**, including up to $150,000 per infringed work, or alternatively, actual damages and Defendants' profits attributable to the infringement as will be proven at trial. Plaintiff also seeks reasonable attorneys' fees and costs pursuant to **17 U.S.C. § 505**.

**87.** Plaintiff seeks all such further and additional relief as the Court deems just and proper.

## COUNT VII
## MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

**88.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**89.** Pursuant to **17 U.S.C. § 512(f)**, any person who knowingly materially misrepresents that material was removed or disabled by mistake or misidentification shall be liable for any resulting damages, including costs and attorney's fees.

**90.** Defendants, knowingly submitted materially false counter-notifications to YouTube, falsely asserting under penalty of perjury that they held the rights to the videos in question or that the videos did not infringe Plaintiff's copyrights.

91. The false counter-notifications submitted by Defendants were intended to mislead YouTube into reinstating the infringing videos, thereby allowing Defendants to continue profiting from the unauthorized distribution and display of Plaintiff's copyrighted content, and to evade enforcement actions or sanctions by YouTube for repeated copyright violations.

92. The following are specific instances of Defendants' misrepresentations:

   a) Defendants submitted counter-notifications to YouTube in response to DMCA takedown requests filed by Plaintiff, falsely claiming ownership of the infringing video clips.

   b) In these counter-notifications, Defendants falsely claimed that the videos did not contain any copyrighted material belonging to Plaintiff or that they had authorization to use the content, despite having no license, authorization, or legitimate ownership.

   c) Defendants submitted these counter-notifications with the explicit intent to have the infringing videos reinstated, allowing continued monetization and misleading viewers about the origin of the content.

93. Defendants' misrepresentations were made knowingly and with the intent to deceive YouTube's DMCA enforcement mechanisms, as evidenced by:

   a) The systematic removal and alteration of Tekniq's branding, watermarks, and other Copyright Management Information (CMI) to obscure the true origin of the content.

   b) The deliberate submission of false declarations under penalty of perjury, claiming legitimate ownership of Plaintiff's copyrighted works.

   c) The subsequent reinstatement of the infringing videos on YouTube, which resulted in continued monetization and viewership for Defendants' channels at Plaintiff's expense.

COMPLAINT AGAINST ARJAN MAHIL, ET AL., AND DEMAND FOR JURY TRIAL

**94.** Defendants' actions satisfy the elements of a **17 U.S.C. § 512(f)** claim because:

    **a)** Defendants knowingly made materially false statements of ownership and authorization in their counter-notifications.

    **b)** Defendants' false counter-notifications led to the improper reinstatement of infringing content, causing substantial financial harm and reputational damage to Plaintiff.

    **c)** Defendants' actions were willful and part of a broader scheme to exploit Plaintiff's copyrighted content without authorization.

**95.** As a direct and proximate result of Defendants' misrepresentations, Plaintiff has suffered and continues to suffer substantial harm, including (i) loss of advertising revenue and potential sponsorships due to the diversion of viewers to the infringing videos. (ii) Damage to Plaintiff's reputation and brand integrity as viewers are misled into believing that Plaintiff's content originated from or was authorized for use by the defendant. (iii) Legal and administrative costs incurred in filing and responding to DMCA notices, counter-notifications, and related enforcement actions.

**96.** Plaintiff is entitled to recover all damages, including but not limited to actual damages and Defendants' profits attributable to the infringement, as provided under **17 U.S.C. § 512(f)**. Costs and reasonable attorney's fees incurred in connection with the enforcement of Plaintiff's rights under the DMCA. Preliminary and permanent injunctive relief to prevent further misrepresentations and to compel the removal of all infringing content from the Defendants' YouTube channels.

**97.** Plaintiff seeks all such further and additional relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Timeless Production FZ LLC respectfully requests that this Court enter judgment in its favor against Defendants, managing "**Elite Vehicles**", and award the following relief:

1. Permanently enjoin Defendants from copying, distributing, or displaying Plaintiff's copyrighted works without authorization and order the removal of all infringing content.

2. For an award of damages pursuant to **17 U.S.C. § 504(b), 17 U.S.C. § 512(f)**, and other applicable law, including actual damages and Defendants' profits as will be proven at trial, or in the alternative, statutory damages pursuant to **17 U.S.C. § 504(c)**.

3. Award full costs and reasonable attorney's fees under **17 U.S.C. § 505** and **17 U.S.C. § 1203**.

4. Order the destruction of all infringing copies and materials under **17 U.S.C. § 503**.

5. Award prejudgment and post-judgment interest on all monetary awards.

6. Award any further relief deemed just and proper by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiff Timeless Production FZ LLC hereby demands a trial by jury on all issues so triable.

Dated: September 29, 2025    By: **/s/ Mohamed Othmane Samie**

MOHAMED OTHMANE SAMIE (**CSBN: 344269**)

Attorney for Plaintiff
Timeless Production FZ LLC

COMPLAINT AGAINST ARJAN MAHIL, ET AL., AND DEMAND FOR JURY TRIAL

# **Exhibit A**

List of Registered Works

**EXHIBIT A**
List of registered works

|  | Copyright Registration Number | Registration Date | URL of registered work | Type of Work |
|---|---|---|---|---|
| A | PA0002495255 | 2024-09-05 | **Title:** Tiny Train Pulling World Largest Ships Across Panama Canal<br><br>https://youtu.be/s45jxRIaB14 | Motion Picture (Video) |
| B | PA0002520742 | 2025-01-08 | **Title:** Panama Canal Full Transit Moving World's Largest Ships<br><br>https://youtu.be/n3LhD27Dr3M | Motion Picture (Video) |
| C | PA0002524733 | 2025-02-07 | **Title:** Vertical Ship Lifts in China<br><br>https://youtu.be/5qFP8VlJGdY | Motion Picture (Video) |
| D | PA0002521780 | 2025-01-15 | **Title:** One Day Inside Tugboat Pulling Giant Barge<br><br>https://youtu.be/fIJ4xF3EPFU | Motion Picture (Video) |
| E | PA0002503008 | 2024-10-04 | **Title:** Giant Ship Going Under Tight Bridge Without Crashing<br><br>https://youtu.be/oOs7vK1WGjQ | Motion Picture (Video) |
| F | PA0002499412 | 2024-09-23 | **Title:** Panama Canal<br><br>https://youtu.be/4ugLtdlGYE0 | Motion Picture (Video) |

# **<u>Exhibit B</u>**

List of infringements

**EXHIBIT B**
**List of infringements**

| # | Infringing Video URL's Start of infringement yyyy-mm-dd | Timestamps - Infringer Video | Timeless Production - Original Videos used | Timestamps - TP Video | Infringed Work (Copyright Registration Code) |
|---|---|---|---|---|---|
| | Elite Vehicles: https://www.youtube.com/channel/UCZHu9e7KTf560oYD7da9BQQ | | | | |
| 1 | **Title:** The US Just Closed Down The Panama Canal After A Terrifying Discovery!<br><br>https://youtu.be/if4CO0cM9bE<br><br>(soi 2025-05-28)<br>**Infringement Against A** | 7:21 - 7:33<br>7:58 - 8:05<br>8:49 - 8:57<br>9:45 - 9:56<br>10:20 - 10:29 | **Title:** Tiny Train Pulling World Largest Ships Across Panama Canal<br><br>https://youtu.be/s45jxRIaB14 | 0:50 - 01:48<br>2:11 - 2:54<br>3:38 - 3:55<br>6:52 - 7:06<br>9:20 - 9:36 | **PA0002495255** |
| 2 | Infringer link same as above<br>**Infringement Against B** | 11:06 - 11:14<br>11:50 - 11:54<br>12:47 - 12:55<br>14:04 - 14:13<br>15:17 - 15:25<br>16:21 - 16:25<br>16:51 - 17:01<br>23:29 - 23:30 | **Title:** Panama Canal Full Transit Moving World's Largest Ships<br><br>https://youtu.be/n3LhD27Dr3M | 0:51 - 1:17<br>2:10 - 2:18<br>7:19 - 7:30<br>7:52 - 8:04<br>10:05 - 10:15<br>11:27 - 11:33<br>13:01 - 13:15<br>12:06 - 12:08 | **PA0002520742** |
| 3 | Infringer link same as above<br>**Infringement Against C** | 17:07 - 17:14<br>17:32 - 17:38 | **Title:** Vertical Ship Lifts in China<br><br>https://youtu.be/5qFP8VlJGdY | 4:10:43 - 4:11:44<br>4:11:37 - 4:14:58 | **PA0002524733** |

| | | | | | |
|---|---|---|---|---|---|
| 4 | **Title:** Elon Musk: "The US Just Closed Down The Panama Canal After A Terrifying Discovery!"<br><br>https://youtu.be/lA7NhE_XHlM<br><br>(soi 2025-07-25)<br>**Infringement Against A** | 1:00 - 1:02<br>1:03 - 1:05<br>2:04 - 2:06<br>6:39 - 6:41<br>18:08 - 18:11 | **Title:** Tiny Train Pulling World Largest Ships Across Panama Canal<br><br>https://youtu.be/s45jxRlaB14 | 5:25 - 5:28<br>0:40 - 0:42<br>4:19 - 4:21<br>10:28 - 10:32 | **PA0002495255** |
| 5 | Infringer link same as above<br>**Infringement Against D** | 28:17 - 28:20<br>28:20 - 28:22<br>28:23 - 28:27<br>28:45 - 28:47 | **Title:** One Day Inside Tugboat Pulling Giant Barge<br><br>https://youtu.be/fIJ4xF3EPFU | 0:25 - 0:29<br>1:14 - 1:17<br>0:46 - 0:50<br>3:07 - 3:10 | **PA0002521780** |
| 6 | Infringer link same as above<br>**Infringement Against E** | 4:48 - 4:50<br>14:54 - 14:57 | **Title:** Giant Ship Going Under Tight Bridge Without Crashing<br><br>https://youtu.be/oOs7vK1WGjQ | 11:13 -11:16<br>10:58 - 11:02 | **PA0002503008** |
| 7 | **Title:** U.S. SHUT DOWN the Panama Canal After This Happened - Before It's Too Late!<br><br>https://youtu.be/qusqCCPzUTY<br><br>(soi 2025-09-15)<br>**Infringement Against F** | 4:02 - 4:05<br>17:04 - 17:06<br>27:27 - 27:30 | **Title:** Panama Canal<br><br>https://youtu.be/4ugLtdlGYE0 | 1:23:03 - 1:23:07<br>3:45 - 3:48<br>1:23:03 - 1:23:07 | **PA0002499412** |

# **Exhibit C**

Counter Notifications

**Re: [VHECMDCLSV3ATAW3KTISWIED6M] New Copyright Counter Notification**

**YouTube Copyright** <<u>youtube-disputes+3or9pwhq8k9ec0h@google.com</u>>    Sep 22, 2025, 12:36 AM

to me

_____



We received a counter notification (below) in response to a <u>copyright removal request</u> that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to <u>copyright@youtube.com</u>.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our <u>Help Center</u>.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

*   <u>http://www.youtube.com/watch?v=if4CO0cM9bE</u>

Display name of uploader: Elite Vehicles

Dear YouTube, I am writing to respectfully dispute the copyright strike issued on my video by the channel TEKNIQ. The use of the material in question qualifies as fair use under U.S. law and YouTube's guidelines. Below I outline how the four fair use factors apply: 1. Purpose and Character of the Use The clip was used in a transformative, documentary-style video. The 7-second segment was included strictly as contextual background, overlaid with original narration, research, and editing. The material was repurposed to provide commentary and analysis rather than replicate the original. 2. Nature of the Copyrighted Work The excerpt was factual/documentary in nature. My use of it was to inform and educate viewers as part of a larger narrative. It was not used for entertainment or to duplicate the intent of TEKNIQ's original work. 3. Amount and Substantiality The use was extremely minimal — a 7-second excerpt from a 31-minute video. The portion taken does not represent the core message or "heart" of TEKNIQ's content, and it was used only to provide brief context within my much larger original production. 4. Effect on the Market The video does not compete with TEKNIQ's content

and does not reduce the potential market for the original. My inclusion of this very short clip, in a transformative and educational manner, does not substitute for or replace TEKNIQ's work. Given the minimal, transformative, and contextual nature of this use, and the lack of market harm, I believe this qualifies as fair use. I respectfully request that this claim/strike be removed. Thank you for your time and fair consideration.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Arjan Mahil

Arjan Mahil
Shams Business Center
Al Messaned - Sharjah
United Arab Emirates

elitevehiclesytcontent@gmail.com
050 190 6524

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

 YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

---

**Fwd: [ZJKFOIL6BAHAG6HIZIVGZTK32U] New Copyright Counter Notification**

Younes Ben Fredj                                            Sep22, 2025, 1:44 AM
to me

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+25ljx8i22j2k00h@google.com>
Date: Tue, Sep 23, 2025 at 1:24 AM
Subject Re: [ZJKFOIL6BAHAG6HIZIVGZTK32U] New Copyright Counter Notification
To: <tekniqvideos@gmail.com>



We received a counter notification (below) in response to a [copyright removal request](#) that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to [copyright@youtube.com](mailto:copyright@youtube.com).

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our [Help Center](#).

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- [http://www.youtube.com/watch?v=lA7NhE_XHIM](http://www.youtube.com/watch?v=lA7NhE_XHIM)

Display name of uploader: Elite Vehicles

Dear YouTube, I am writing to respectfully dispute the copyright strike issued on my video by the channel TEKNIQ. The use of the material in question qualifies as fair use under U.S. law and YouTube's guidelines. Below I outline how the four fair use factors apply: 1. Purpose and Character of the Use: The material was used in a transformative, documentary-style video. The short clip (3 seconds) was included only as contextual background and was overlaid with original narration, research, and storytelling. The sequence was altered in both order and meaning, serving an educational and commentary-driven purpose rather than simply replicating the original. 2. Nature of the Copyrighted Work: The clip is factual in nature and was not used for entertainment or to duplicate the original creator's intent. It was employed strictly in a documentary context to inform and educate viewers, not to replace or compete with TEKNIQ's original video. 3. Amount and Substantiality: The use was extremely minimal — 3 second excerpt from a 30-minute video. The portion used does not represent the core message or "heart" of TEKNIQ's work and was included only to provide context within a much larger original production. 4. Effect on the Market: The video does not compete with TEKNIQ's content, nor does it diminish the potential market value of the original work. On the contrary, the brief, transformative use of this clip within a broader educational narrative does not substitute for or replace the original video in any way. Given the minimal and contextual use, the transformative nature

of the content, and the lack of market harm, I believe this qualifies as fair use. I respectfully request that this claim/strike be removed. Thank you for your time and fair consideration.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Arjan Mahil

Arjan Mahil
Shams Business Center, Sharjah Media City Free Zone, Al Messaned District
Sharjah
United Arab Emirates

elitevehiclesytcontent@gmail.com
050 190 6524

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# __Exhibit D__

DMCA Takedown Confirmation

**Fwd:[ TMO4CYPIS3TQ7AWFPV6SLXL3EY] YouTube Copyright Complaint Submission**

Younes Ben Fredj                                                           Sep 22, 2025, 2:58 PM

to me

**Forwarded Conversation**

**Subject: [TMO4CYPIS3TQ7AWFPV6SLXL3EY] YouTube Copyright Complaint Submission**

------------------------

From: YouTube Copyright <youtube-disputes+3hp10qsro6u8k07@google.com>

Date: Tue, Sep 16, 2025 at 8:20 PM

To: <tekniqvideos@gmail.com>



# Copyright Infringement Notification Confirmation

Thank you for your submission. It is under review to ensure it is valid and includes all required elements. We will reply to this email when we've taken action on your request. You can also check on the status of your takedown request in the 'Removal requests' tab which is found in the Copyright section of your channel.

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): TEKNIQ
- Your Full Legal Name (Aliases, usernames or initials not accepted): Younes BEN FREDJ
- Your Title or Job Position (What is your authority to make this complaint?): Manager of the Company Managing Tekniq Channel
- Address:
  - Timeless Production FZ-LLC E76 Dubai Production City
  - Dubai, Dubai 0000
  - AE
- Username: Younes Ben Fredj
- Email Address: tekniqvideos@gmail.com
- Phone: 058 513 1609

- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=lA7NhE_XHIM
- Describe the work allegedly infringed: My video
  - Source of video: fIJ4xF3EPFU
  - Type of video: Internet video
  - Where does the content appear?
    The content appears in the targeted video from 0:28:17 to 0:28:20
    : https://www.youtube.com/watch?v=lA7NhE_XHIM&t=1697
    It appears in your source video from 0:00:25 to 0:00:29
    : https://www.youtube.com/watch?v=fIJ4xF3EPFU&t=25

- Country where copyright applies: AE
- I, in good faith state that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

- o  I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
- o  This notification is accurate.
- o  I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
- o  I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Younes BEN FREDJ

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

On Sep 16, 2025 tekniqvideos@gmail.com wrote:
Video IDs: lA7NhE_XHIM
-----------------------------------

From: **YouTube Copyright** <youtube-disputes+3hp10qsro6u8k07@google.com>
Date: Wed, Sep 17, 2025 at 1:13 AM
To: <tekniqvideos@gmail.com>



Hi Younes Ben Fredj,

Thank you for your removal request. We've reviewed it and provided updates below.

# Request resolved

The content listed below has been removed.

Videos in question:

https://www.youtube.com/watch?v=lA7NhE_XHIM

_____

We use a combination of automated systems and human reviews to process removal requests.

You may take back your claim of copyright infringement at any time if you change your mind.

- The YouTube Team

---

Here is the information you filled in:
- Copyright Owner Name (Company Name if applicable): TEKNIQ
- Your Full Legal Name (Aliases, usernames or initials not accepted): Younes BEN FREDJ
- Your Title or Job Position (What is your authority to make this complaint?): Manager of the Company Managing Tekniq Channel
- Address:
  - Timeless Production FZ-LLC E76 Dubai Production City
  - Dubai, Dubai 0000
  - AE
- Username: Younes Ben Fredj
- Email Address: tekniqvideos@gmail.com
- Phone: 058 513 1609
- URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=lA7NhE_XHIM
- Describe the work allegedly infringed: My video
  - Title of video: One Day Inside Tugboat Pulling Giant Barge
  - Source of video: fIJ4xF3EPFU
  - Type of video: Internet video
  - Where does the content appear?
    The content appears in the targeted video from 0:28:17 to 0:28:20 : https://www.youtube.com/watch?v=lA7NhE_XHIM&t=1697
    It appears in your source video from 0:00:25 to 0:00:29 : https://www.youtube.com/watch?v=fIJ4xF3EPFU&t=25
- Country where copyright applies: AE
- I, in good faith state that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
  - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
  - This notification is accurate.
  - I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
  - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Younes BEN FREDJ

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

 YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066
On Sep 16, 2025 YouTube Copyright